UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIMENG GAO,

                Plaintiff,

       v.

MARKWAYNE MULLIN[1], et al.,

                Defendants.

Case No.  25-cv-01479-SVK

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 20

## I.  INTRODUCTION AND BACKGROUND

On February 12, 2025, Plaintiff filed this action against the Secretary of DHS, Attorney General of the United States, and the then-acting Director and District Director for San Jose of U.S. Citizenship and Immigration Services ("USCIS") (collectively, "Defendants") challenging the failure to adjudicate his I-485 Application to Register Permanent Residence or Adjust Status ("I-485 Application").  Dkt. 1 at 2.  Plaintiff's I-485 Application was filed on July 6, 2021.  *Id.* From April 28, 2025 to January 30, 2026, this action was stayed pending the Parties' attempts to negotiate an administrative resolution.  *See* Dkts. 11-14, 16-19.  As of the date of this Order, Plaintiff's application has been pending for nearly 57 months (inclusive of stayed time;  nearly 48 months exclusive of stayed time).  On February 11, 2026, Defendants filed a Motion to Dismiss

---

[1] Plaintiff's suit was filed against, *inter alia*, Kristi Noem, in her capacity as Secretary of the U.S. Department of Homeland Security ("DHS") and Pam Bondi in her capacity as Attorney General of the United Statues.  Dkt. 1.  The Court takes notice of the fact that, on March 5, 2026, Noem was removed from her role and, on March 23, 2026, Markwayne Mullin was confirmed by the Senate to the role of Secretary of DHS.  The Court also takes notice that on April 2, 2026, Bondi was removed from her and Deputy Attorney General Todd Blanche became the acting Attorney General.  Accordingly, Mullin and Blanche are substituted as Defendants for Noem and Bondi, respectively, pursuant to Rule 25.  Fed. R. Civ. P. 25(d) ("[W]hen a public officer … ceases to hold office while the action is pending[, the] officer's successor is automatically substituted as a party.").

(the "Motion"), which is now before the Court.  Dkt. 20.  All Parties have consented to magistrate-judge jurisdiction.  Dkts. 7, 10.

The only issue raised in Defendants' Motion is whether this Court "lacks jurisdiction to compel the adjudication of I-485 adjustment applications under the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(b)(ii)."  Dkt. 20 at 2.  The Court determines that this matter may be resolved without oral argument.  Civil L.R. 7-1(b).  For the reasons that follow, the Court **DENIES** Defendants' Motion.

## II.   LEGAL STANDARD

### A.   Motions to Dismiss for Lack of Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020).  "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a "facial" 12(b)(1) challenge, as is presented here, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor.  *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-3549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

### B.   RELEVANT STATUTORY FRAMEWORKS

#### 1.   Applications for Adjustment of Status Under the INA

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, authorizes certain individuals to apply for immigrant visas or lawful permanent resident status through employment-based ("EB") categories.  *See* 8 U.S.C. § 1151(a)(2).  An individual can apply to adjust their status to lawful permanent resident using Form I-485, Application to Register Permanent Residence or Adjust Status, based on a pending or approved immigrant petition and if certain threshold requirements are met. 8 U.S.C. § 1255(a); *see also* 8 C.F.R. § 245.2(a)(2)(i)(B) (providing for the concurrent filing of an adjustment of status application with certain employment-based immigrant

2

United States District Court
Northern District of California

petitions).  USCIS engages in a multi-step process when evaluating an application for adjustment of status. Section 1255(a) provides:

> The status of an alien who was inspected and admitted ... into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a); *see also* 8 C.F.R. § 245.1(a).

### 2.    8 U.S.C. § 1252(a)(2)(B)(ii) – Denials of Discretionary Relief

Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(ii) strips the Court of subject matter jurisdiction over this case.  Dkt. 20.  8 U.S.C. § 1252 is entitled "Judicial review of orders of removal" and provides, in relevant part:

> (a) Applicable provisions
>
> …
>
> (2) Matters not subject to judicial review
>
> …
>
> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252.

////

United States District Court
Northern District of California

### 3.     The Administrative Procedures Act

As a general matter, the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.*, governs the decision-making procedures of administrative agencies.  It provides, in relevant part, that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).  Upon a finding that action is required, a "reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed …."  5. U.S.C. § 706(1).

## III.     DISCUSSION

This Court has recently been required to decide whether "8 U.S.C. § 1252(a)(2)(B) strips the Court of subject matter jurisdiction over [a] case" challenging the failure of the USCIS to adjudicate certain immigration applications, including an "I-485 (Application to Register Permanent Residence or Adjust Status)."  *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *2 (N.D. Cal. Feb. 20, 2026).  The defendants there—including the Secretary of DHS, Attorney General, and Director of USCIS—raised the same argument as they raise now:  that the Court lacks jurisdiction to compel the adjudication of I-485 adjustment applications under 8 U.S.C. § 1252(a)(2)(b)(ii).  *See Varniab v. Edlow*, No. 25-cv-10602-SVK, Dkt. 21 (in opposition to the plaintiffs' motion for a preliminary injunction) (raised in addition to an argument, not presented here, under 8 U.S.C. § 1252(a)(2)(B)(i)).

In light of the identical arguments presented by the Defendants, presented as a matter of law as applicable to *all* "Pace-of-Adjudication Claims," (Dkt. 20 at 5-7), the Court's rationale from *Varniab* is readily applicable and summarized below as it applies to this case.[2]  For reasons similar to those explained in *Varniab*, the Court is unpersuaded by Defendants' argument.

////

////

---

[2] *Varniab* involved an additional layer in light of the "December 2, 2025, USCIS issued Policy Memorandum PM-602-0192," which placed "an 'adjudicative hold' on a wide range of pending requests for immigration benefits filed by aliens from a list of [certain] countries."  *Varniab*, 2026 WL 485490, at *1.  However, as explained below, the Court's conclusion is equally applicable to simple unreasonably delay/pace-of-adjudication claims on a motion to dismiss.

**A.     8 U.S.C. § 1252(a)(2)(B)(ii) Does Not Strip this Court of Subject Matter Jurisdiction Over "Pace-of-Adjudication" Claims Because Defendants Have a Non-Discretionary Duty to Adjudicate I-485 Applications**

Defendants, relying on the Supreme Court's decision in *Patel v. Garland*, 596 U.S. 328, 348 (2022), point out that this Court may not review denials of relief, which are discretionary, under the INA.  Dkt. 20 at 4.  They argue that, although the neither the Supreme Court nor the Ninth Circuit have "directly addressed whether 'any other decision or action' [review of which is circumscribed by 1252(a)(2)(B)(ii)] includes pace of adjudication," but that other circuits following *Patel* have done so and that the Ninth Circuit "reads 'any other decision or action' expansively to cover all determinations made in support of a grant of discretionary relief."  *Id.* at 5 (citing, *inter alia*, *Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024)).  This Court considered, and rejected, these arguments in *Varniab* and does so here for some of the same reasons:[3]

> "[T]he majority of district courts" in the Ninth Circuit have refused to follow *Beshir*[ *v. Holder*, 10 F. Supp. 3d 165 (D.D.C. 2014)] and other cases that have concluded that the pace of adjudication is discretionary and thus not subject to judicial review, instead holding that "the government has a non-discretionary duty to adjudicate [petitions for adjustment of status] within a reasonable period of time" and that courts have jurisdiction to review the Government's failure to do so.  *Khan v. Johnson*, 65 F. Supp. 3d 918, 924-25 and n. 4 (C.D. Cal. 2014) and cases cited therein; *see also Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1069 (N.D. Cal. 2014) ("Indeed, the government has a non-discretionary duty to adjudicate [petition for adjustment of status] within a reasonable period of time" and "[t]o hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law" (internal quotation marks and citations omitted)); *Mugomoke v. Curda*, No. 2:10-CV-02166 KJM DAD, 2012 WL 113800, at *4 (E.D. Cal. Jan. 13, 2012) ("While the Secretary has discretion to decide the outcome of an I–485 application, the authority to not act on an application is not conferred by any statute. Thus a failure to act on an I–485 application falls within the APA's default rule: 'With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.' (citing 5 U.S.C. § 555(b)).

*Varniab*, 2026 WL 485490, at *8.[4]

---

[3] The Court's decision in *Varniab* also discussed "the Government's decision to categorically act or withhold action."  *Id.* at *7.  That portion of the Court's decision is inapplicable here and does not impact the Court's reasoning which is based on complaints about unreasonable delay and pace-of-adjudication.

[4] An additional case from within the Ninth Circuit raised by Defendants, *Khachutorov v. Britten*, 792 F. Supp. 3d 1106 (C.D. Cal. 2025), is discussed below.

5

United States District Court
Northern District of California

The Court also specifically addressed and rejected Defendants' reliance on *Patel* and *Zia*: Those cases "each involved the question of whether courts have jurisdiction to review factual findings and other preliminary decisions made in connection with final decisions on individual applications for immigration benefits." *Varniab*, 2026 WL 485490, at *6. That is not the case here, where Plaintiff alleges that that his application has been pending since July 6, 2021 (*i.e.*, for 57 months) and that no decision has been made. Dkt. 1, ¶¶ 3.

In *Varniab*, the Court also rejected three arguments put forth by Defendants in that case as to why the delay (or withholding) of applications was properly considered discretionary. Two of those arguments are, again, applicable and rejected here:

First, Defendants argue that "the manner in which such adjudication takes place," including "the timing of such process" is discretionary. Dkt. 23 at 2. As this Court explained in *Varniab*, "Defendants' argument is directly contradicted by many cases holding that neither section 1255(a) nor any other statute provides discretionary authority over the pace of adjudicating applications." *Varniab*, 2026 WL 485490, at *9 (collecting cases).

Second, Defendants argue that "[n]either the INA nor its implementing regulations impose a timeframe for adjudicating an adjustment of status application" and thus "the pace of adjudication is also subject to the discretion of the Attorney General." Dkt. 20 at 3. As the Court explained in *Varniab*, "Defendants have a non-discretionary duty to decide Plaintiffs' applications within a reasonable time." *Varniab*, 2026 WL 485490, at *10; *see also id.* at *11 (explaining "[t]he regulations concerning adjustment of status require that the applicant 'be notified of the decision' on his or her application for adjustment of status 'and, if the application is denied, the reasons for the denial.' Courts have concluded that this regulation establishes a 'mandatory duty to act' on Form I-485 applications for adjustment of status." (citing 8 C.F.R. § 245.2(a)(5)(i); *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007); *Wang v. Chertoff*, 550 F. Supp. 2d (W.D. Wash. 2008)). Simply put, "although Defendants have discretion as to whether to grant or deny particular applications for immigration benefits, they do not have discretion to indefinitely … delay … adjudication of such applications."). *Id.* at *12.

The only argument raised by Defendants not already rejected by the Court is that it should

6

follow the lead of *Khachutorov v. Britten*, 792 F. Supp. 3d 1106 (C.D. Cal. 2025), "the only district court in the Ninth Circuit to have considered the jurisdictional bar of § 1252(a)(2)(B)(ii) following the Supreme Court's 2022 decision in *Patel*" to find that "government decisions regarding the pace of review of an application are generally discretionary and therefore insulated from judicial review." Dkt. 20 at 6.[5]

The decision in *Khachutorov* is not binding on this Court, and the Court disagrees with it for several reasons. First, the court in *Khachutorov* concluded that it lacked jurisdiction to review pace-of-adjudication complaints because "the language of each applicable statute and regulation makes clear that each of the immigration benefits Plaintiffs seek falls within the government's discretion to grant or deny." *Khachutorov*, 792 F. Supp. 3d at 1114. As explained above and in *Varniab*, this Court reads the language of the relevant statute and regulations differently, particularly the requirements of 8 C.F.R. § 245.2(a)(5)(i) requiring a mandatory duty to act.

Second, the court in *Khachutorov* relied in part on "the dicta in *Zia*." *See id.* As explained above, this Court finds both *Zia* and *Patel* distinguishable because both presented challenges to *final* decisions on individual applications for immigration benefits. The case here does not concern a final decision.

Third, the court in *Khachutorov* also relied on decisions from the Third, Fourth, Fifth, and Eighth Circuits holding that USCIS policies "to hold applications for adjustment of status in abeyance until a visa number comes available" were discretionary. *Id.* at 1113-14. Such cases, concerning what is sometimes referred to as the "visa retrogression" context, are also distinguishable from the case at hand. As this Court explained in *Varniab*, "the retrogression hold policies have different statutory and regulatory underpinnings[.] … Of note, the retrogression hold policy finds support in 8 C.F.R. § 245.2(a)(5)(ii), which provides that certain applications for adjustment of status 'shall not be approved until an immigrant visa number has been allocated by the Department of State.'" *Varniab*, 2026 WL 485490, at *8. By contrast, the very regulation that permits an adjudication hold where a visa number has not been allocated otherwise imposes, in

---

[5] The Court's decision in *Varniab* issued after the filing of Defendants' brief; *Khachutorov* is no longer the only case from the Ninth Circuit addressing this issue post-*Patel*.

United States District Court
Northern District of California

United States District Court
Northern District of California

general, a mandatory duty to act. 8 C.F.R. § 245.2(a)(5)(i) ("General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial."). Here, Defendants have not argued, and there is no evidence in the record, that Plaintiff's I-485 Application is on hold due to visa retrogression. *See* Dkt. 20.[6]

Finally and significantly, as pointed out by Plaintiff here, the court in *Khachutorov* did **not** hold as expansively as Defendants suggest. Rather, the court explained that "t[he] case 'd[id] not present the extreme delay necessary to show that Defendants are refusing to act' on Plaintiffs' applications." *Id.* at 1114 (quoting *Mohsenzadeh v. Kelly*, 276 F. Supp. 3d 1007, 1014 (S.D. Cal. 2017)). Critically, in *Khachutorov*, the Plaintiff's application had been pending for only 16 months and "less than 6 months had passed from the date Plaintiffs attended their interview." *Id.* at 1115. Indeed, the court in *Khachutorov* ultimately "dismisse[d] the First Amended Complaint without leave to amend," but, finding that "it [wa]s possible that additional delay or refusal to adjudicate Plaintiffs' pending applications could give rise to a viable claim," the court dismissed the plaintiff's claims "without prejudice." *Id.* at 1116. Here, Plaintiff's application has been pending for 57 months (stay-included) or 48 months (stay excluded), from which the Court may draw a reasonable inference[7] of "the extreme delay necessary to show that Defendants are refusing to act," as *Khachutorov* acknowledges is sufficient to provide the District Court with subject-matter jurisdiction. *See id.* at 1114 (recognizing "that completely insulating claims of unreasonable delay from judicial review would be tantamount to 'sanction[ing] the perpetual delay

---

[6] Plaintiff's Complaint alleges that has application's delay has been "in part due to visa retrogression." Dkt. 1, ¶ 16. However, despite Defendants' submission of a declaration as to the history of Plaintiff's I-485 Application, none of the Parties have put forth any evidence or argument as to how many of the 48 non-stayed months of delay were due to visa retrogression. *See* Dkt. 20-1 (Declaration of Claudia Viera, Immigration Services Officer (ISO) for the San Jose Field Office of USCIS). At the pleading stage, on a facial challenge, the Court must draw all reasonable inferences in Plaintiff's favor. Accordingly, the Court reasonably infers—particularly given Defendants' silence—that Plaintiff's application is not currently subject to a retrogression hold.

[7] Plaintiff's opposition explains why, under the "TRAC" factors, he has plausibly alleged unreasonable delay. Dkt. 22 at 3-5. The Court need not evaluate Plaintiff's arguments at this time, because the Government has not challenged his complaint on 12(b)(6) grounds and does not oppose his substantive arguments at this stage. *See* Dkts. 20, 23; *see also* Dkt. 19 (the Parties propose to stipulate to cross-briefed motions for summary judgment, presumably on whether Plaintiff can establish the substance of his claims).

of governmental obligations,'" but finding that the case there did "not implicate those concerns.").

**B.     The Court Need Not Decide Whether the APA Independently Confers Jurisdiction**

Plaintiff argues that, even if a writ of mandamus were unavailable, the APA provides an independent basis for relief. Dkt. 22 at 2-3. In light of its conclusion above, the Court does not address that argument at length here. Nonetheless, as explained both above and in *Varniab*, the Court notes that the APA's requirement that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it,' (*see, supra*, § III.A. (citing 5 U.S.C. § 555(b)), informs the Court's determination that, while Defendants have the discretion to grant or deny Plaintiff's I-485 Application, they have a mandatory duty to act upon it "within a reasonable time."

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**. Defendants shall file their answer **no later than April 22, 2026**. Thereafter, the Parties shall proceed to cross-motions for summary judgment as outlined in the Court's Order Granting in Part and Denying in Part their Stipulation, (Dkt. 19), with the following modifications:

- The Parties' opening briefs shall be due **April 24, 2026**;
- The Parties responsive briefs shall be due **May 8, 2026**; and
- The Court will hear oral argument on the motions in-person **on Thursday, May 21, 2026 at 10:00 a.m.**

**SO ORDERED.**

Dated: April 8, 2026

SUSAN VAN KEULEN
United States Magistrate Judge